Last revised: August 1, 2017

**UNITED STATES BANKRUPTCY COURT**
**District of New Jersey**

IN RE: Jin O. Kim

Case No.: 17-15704SLM
Judge: Meisel

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original          ☑ Modified/Notice Required          Date: January 10, 2018
☐ Motions Included  ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS WILL BE AFFECTED.**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☑ DOES ☐ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

### Part 1: Payment and Length of Plan

a. The debtor has paid to date $3,500. and shall pay $500.00 for the month of January, and then shall pay $250. monthly to the Chapter 13 Trustee, starting on February 1, 2017 for approximately 30 months.

b. The debtor shall make plan payments to the Trustee from the following sources:
☑    Future Earnings

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| | | |
|---|---|---|
| | ☐ | Other sources of funding (describe source, amount and date when funds are available): |

c. Use of real property to satisfy plan obligations:
    ☑ Sale of real property
    Description: 100 Old Palisades Rd. Unit 3013 Fort Lee, NJ 07024
    Proposed date for completion:    4 months from date of confirmation

    ☐ Refinance of real property:
    Description:
    Proposed date for completion:

    ☐ Loan modification with respect to mortgage encumbering property:
    Description:
    Proposed date for completion:

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☑ **Other information that may be important relating to the payment and length of plan:**
Debtor has a pending short sale application with Fay Servicing. Fay Servicing has just confirmed that they Ordered title search and an inspection of the property. There are no unsecured creditors. There is presently stay relief and a sheriff sale date on the 100 Old Palisade Rd. property, and Fay Serving agrees not to hold the sheriff sale until the short sale contract has been either approved or disapproved.

## Part 2: Adequate Protection ☑ NONE

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Law Office of Ronald I. LeVine | Admin. | 1,774.50 + 3,183.75= 4,957.75 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
☑ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

2

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| -NONE- |  |  |  |  |  |

### c. Secured claims excluded from 11 U.S.C. 506: ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| -NONE- |  |  |  |  |

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☑ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

3

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

### e. Surrender ☑

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| Penny Mac Bank | 24 Port Imperial West, New York, NY | 540,000. | Surrendered in full satisfaction of claim |

### f. Secured Claims Unaffected by the Plan ☑ NONE

The following secured claims are unaffected by the Plan:

Creditor
-NONE-

### g. Secured Claims to be Paid in Full Through the Plan ☐ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

## Part 5: Unsecured Claims ☑ None

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $____ to be distributed *pro rata*

☑ Not less than _100_ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately Classified Unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| -NONE- |  |  |  |

## Part 6: Executory Contracts and Unexpired Leases ☑ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| -NONE- |  |  |  |  |

## Part 7: Motions ☑ NONE

NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. *A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

    a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

    b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

    c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

## Part 8: Other Plan Provisions

    a. **Vesting of Property of the Estate**
        ☑ Upon Confirmation
        ☐ Upon Discharge

    b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) Other Administrative Claims
3) _____

d. Post-petition claims

The Standing Trustee ☑ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9: Modification ☑ NONE**

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: _____

| Explain below why the plan is being modified: | Explain below how the plan is being modified: |
|---|---|
| To surrender the property located at 24 Port Imperial, West New York, NJ (Penny Mac was mortgagee) Update administrative fees to Ronald I. LeVine | See 4(c) |

| Are Schedules I and J being filed simultaneously with this modified Plan? | ☐ Yes | ☑ No |
|---|---|---|

**Part 10: Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures
☐ NONE
☑ Explain here:
There is presently stay relief and a sheriff sale date on the 100 Old Palisade Rd. property, and Fay Serving agrees not to hold the sheriff sale until the short sale contract has been either approved or disapproved.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date January 10, 2018    Ronald I. LeVine
                         Attorney for the Debtor

Date: January 10, 2018    Jin O. Kim
                          Debtor

Date: _____    Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s) if any, must sign this Plan.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Date | |
|---|---|
| January 10, 2018 | Ronald I. LeVine |
| | Attorney for the Debtor |

I certify under penalty of perjury that the above is true.

| Date: | |
|---|---|
| January 10, 2017 | Jin O. Kim |
| | Debtor |

| Date: | |
|---|---|
| | Joint Debtor |

```
                          United States Bankruptcy Court
                              District of New Jersey
In re:                                                           Case No. 17-15704-SLM
Jin O Kim                                                        Chapter 13
        Debtor
```

# CERTIFICATE OF NOTICE

```
District/off: 0312-2         User: admin                Page 1 of 2              Date Rcvd: Jan 18, 2018
                             Form ID: pdf901            Total Noticed: 18


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 20, 2018.
db             +Jin O Kim,    275 Hoym Street,    Fort Lee, NJ 07024-5646
aty            +Robert Wachtel,    210 River Street,    Suite 24,    Hackensack, NJ 07601-7504
r              +Lillie Kim,    Realty 7 LLC,    2160 N. Central Road,    Fort Lee, NJ 07024-7547
cr             +PENNYMAC LOAN SERVICING, LLC, AS SERVICER FOR CITI,     Phelan Hallinan &Schmieg, PC,
                 400 Fellowship Road,    Suite 100,    Mt. Laurel, NJ 08054-3437
cr             +PMT NPL FINANCING 2015-1,    Phelan Hallinan & Schmieg, PC,    400 Fellowship Road,   Suite 100,
                 Mt. Laurel, NJ 08054-3437
cr             +PMT NPL FINANCING 2015-1, BY PENNYMAC LOAN SERVICE,     Phelan Hallinan & Schmieg, PC,
                 400 Fellowship Road,    Suite 100,    Mt. Laurel, NJ 08054-3437
516718768      +Chase Bank, N.A.,    POB 15298,    Wilmington, DE 19850-5298
516718769      +Fay Servicing,    POB 619063,    Dallas, TX 75261-9063
516780798       HSBC Bank Mortgage Servicing Center,     PO box 2452,   Mount Laurel NJ 08054
516963964      +JPMORGAN CHASE BANK,,    NATIONAL ASSOCIATION,    270 Park Avenue,   New York, NY 10017-2014
516974624      +PMT NPL FINANCING 2015-1,    3043 Townsgate Road,    West Lake Village, CA 91361-3027
517024596      +PMT NPL FINANCING 2015-1, BY PENNYMAC LOAN et.al.,     PENNYMAC LOAN SERVICES, LLC,
                 6101 CONDOR DRIVE, SUITE 200,    MOORPARK CA 93021-2602
516718771      +Penny Mac,    POB 660929,   Dallas, TX 75266-0929
516718773      +Wells Fargo Bank,    Attn: Maneri & Maroules, LLC,    30 Two Bridges Road, Suite 250,
                 Fairfield, NJ 07004-1550
516718772      +Wells Fargo Bank,    POB 77053,    Minneapolis, MN 55480-7753

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Jan 19 2018 09:50:05      U.S. Attorney,   970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jan 19 2018 09:50:03      United States Trustee,
                 Office of the United States Trustee,     1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
516718770      +E-mail/Text: camanagement@mtb.com Jan 19 2018 09:49:53      Hudson City Savings Bank,
                 West 80 Century Road,    Paramus, NJ 07652-1478
                                                                                              TOTAL: 3

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 20, 2018                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 15, 2018 at the address(es) listed below:
              Denise E. Carlon    on behalf of Creditor    PROF-2013-S3 Legal Title Trust II, by U.S. Bank
               National Association, as Legal Title Trustee dcarlon@kmllawgroup.com,    bkgroup@kmllawgroup.com
              James Patrick Shay    on behalf of Creditor    PMT NPL FINANCING 2015-1
               james.shay@phelanhallinan.com
              Jill Manzo    on behalf of Creditor    FAY SERVICING LLC, as servicer for PROF-2013-S3 LEGAL TITLE
               TRUST II, BY U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE bankruptcy@feinsuch.com
              Jill Manzo    on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
               bankruptcy@feinsuch.com
              Marie-Ann Greenberg    magecf@magtrustee.com
              Nicholas V. Rogers    on behalf of Creditor    PMT NPL FINANCING 2015-1, BY PENNYMAC LOAN SERVICES,
               LLC, ITS SERVICING AGENT nj.bkecf@fedphe.com
              Nicholas V. Rogers    on behalf of Creditor    PMT NPL FINANCING 2015-1 nj.bkecf@fedphe.com
              Robert Wachtel    on behalf of Debtor Jin O Kim rwachtel@ronlevinelaw.com
              Robert P. Saltzman    on behalf of Creditor    PROF-2013-S3 Legal Title Trust II, by U.S. Bank
               National Association, as Legal Title Trustee dnj@pbslaw.org
              Ronald I. LeVine    on behalf of Debtor Jin O Kim ronlevinelawfirm@gmail.com
```

```
District/off: 0312-2            User: admin              Page 2 of 2                  Date Rcvd: Jan 18, 2018
                                Form ID: pdf901          Total Noticed: 18
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
          Sherri J. Braunstein    on behalf of Creditor   PENNYMAC LOAN SERVICING, LLC, AS SERVICER FOR CITIBANK, N.A., NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR PMT NPL FINANCING 2015-1 nj.bkecf@fedphe.com,   nj.bkecf@fedphe.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
          William M.E. Powers, III    on behalf of Creditor   CitiBank, N.A., not in its individual capacity but solely as Owner Trustee for PMT NPL FINANCING 2015-1 ecf@powerskirn.com
                                                                                                                              TOTAL: 13